FILED
6/6/03          1:33 pm
                      Time

IN THE CIRCUIT OF THE NINTH
JUDICIAL CIRCUIT, IN AND
FOR OSCEOLA COUNTY, FL

THE SCHOOL BOARD OF OSCEOLA
COUNTY FLORIDA, a political body corporate,

        Plaintiff,

v.

SCHMIDT INSURANCE AGENCY, INC., a
Kentucky corporation, TRAVELERS
PROPERTY CASUALTY INSURANCE
COMPANY, a Connecticut corporation f/k/a
AETNA INSURANCE COMPANY, and LIBERTY
MUTUAL INSURANCE COMPANY, a
Massachusetts corporation,

        Defendants.

CASE NO.: CI0302I1078

6:03-cv-772-ORL-31 KR S

_____/

## COMPLAINT

Plaintiff, THE SCHOOL BOARD OF OSCEOLA COUNTY, FLORIDA, a political

body corporate ("OCSB"), hereby sues Defendants, SCHMIDT INSURANCE AGENCY,

INC., a Kentucky corporation ("SCHMIDT"), TRAVELERS PROPERTY CASUALTY

INSURANCE COMPANY, a Connecticut corporation formerly known as AETNA

INSURANCE COMPANY ("TRAVELERS"), and LIBERTY MUTUAL INSURANCE

COMPANY, a Massachusetts corporation ("LIBERTY MUTUAL"), and alleges:

### ALLEGATIONS COMMON TO ALL COUNTS

1.      This is an action for damages in excess of $15,000.00, exclusive of interest,

costs, and attorneys' fees.

2.      Plaintiff, OCSB, is a Florida corporation pursuant to §1001.40, Florida

Statutes.

Petitioner/Defendant
EXHIBIT A

3.      Defendant SCHMIDT is a Kentucky corporation authorized to do business and doing business in the State of Florida.

4.      Defendant TRAVELERS is a Connecticut corporation authorized to do business and doing business in the State of Florida.

5.      Defendant LIBERTY MUTUAL is a Massachusetts corporation authorized to do business and doing business in the State of Florida.

6.      During all times relevant to this lawsuit, Defendant SCHMIDT as agent for Defendant TRAVELERS provided insurance coverage to Mechanical Insulation, Inc. ("Mechanical Insulation"), under that certain commercial general liability policy no. 0023487963 and its terms are incorporated by reference as though set forth fully herein. A copy of the Certificate of Insurance reflecting such policy is attached hereto as Exhibit "A". Defendant TRAVELERS has failed to provide such policies and coverages to Plaintiff despite Plaintiff having requested such policies and coverages. As a result, OCSB does not currently have a copy of the applicable insurance policy in its custody, possession or control. However, OCSB believes TRAVELERS is in possession of such policy and is in no way prejudiced by OCSB's failure to attach said policy to this Complaint. Further, upon discovery OCSB intends to file a true and correct copy of the policy with the Court.

7.      Further, during all times relevant to this lawsuit, Defendant SCHMIDT as agent for Defendant LIBERTY MUTUAL provided insurance coverage to Mechanical Insulation, under that certain commercial general liability policy no. YY2-151-271674-024, and its terms are incorporated by reference as though set forth fully herein. A copy of the Certificate of Insurance reflecting such policy is attached hereto as Exhibit "B". Defendant LIBERTY MUTUAL has failed to provide such policies and coverages to Plaintiff despite

2

Plaintiff requesting such policies and coverages. As a result, OCSB does not currently have a copy of the applicable insurance policy in its custody, possession or control. However, OCSB believes LIBERTY MUTUAL is in possession of such policy and is in no way prejudiced by OCSB's failure to attach said policy to this Complaint. Further, upon discovery OCSB intends to file a true and correct copy of the policy with the Court.

8.      OCSB is a third-party beneficiary of the policies of insurance issued by SCHMIDT, as agent for TRAVELERS and LIBERTY MUTUAL, to Mechanical Insulation.

9.      On or about May 7, 1992, OCSB as owner, and Williams Company of Orlando, Inc. ("Williams Co.") as general contractor, entered into a contract whereby Williams Co. would construct Phase III Poinciana High School on property owned by OCSB located in Osceola County, Florida.

10.     On or about June 12, 1992, Williams Co. subcontracted a portion of its work under the OCSB contract to The Bared and Company ("Bared") which, in turn, entered into a subcontract agreement with Mechanical Insulation, whereby Mechanical Insulation agreed to furnish labor, services, and material in furtherance of the construction of Phase III of Poinciana High School.

11.     After completion of construction of Phase III, OCSB discovered widespread deficiencies with regard to the mechanical work performed by Mechanical Insulation. Said deficiencies included, but were not limited to, the improper HVAC curb installation, the failure to correctly install pipe sleeves, the failure to install louvers properly, and the failure to seal gaps around the louvers frame. These construction deficiencies allowed excess amounts of moisture and humidity into the interior of the school buildings, causing substantial damage.

12.     These construction deficiencies constituted a material breach of the contracts between OCSB and Williams Co., between Williams Co. and Bared, and between Bared and Mechanical Insulation, as Mechanical Insulation failed to construct Phase III of Poinciana High School consistent with the plans and specifications, and in a reasonable workmanship-like manner.

13.     As a result of Mechanical Insulation's breach of its construction contract OCSB suffered substantial damage, including but not limited to, the cost to correct, replace, and re-execute the deficient work and the damage or accidental damage to property other than the school buildings and personal injuries caused by faulty workmanship on the completed work, the cost of ridding the personal property and fixtures within the school of mold and mildew, the cost to temporarily and permanently correct the excess humidity in the air, the cost of evacuating the school, and the cost of setting up and operating a portable classroom complex while needed remedial construction work occurred.

14.     OCSB filed a lawsuit on July 13, 1997 in the Circuit Court of Osceola County, Florida against Williams Co. to recover damages sustained by OCSB as a result of deficient workmanship in the construction of High School AAA, now known as Poinciana High School in Osceola County, Florida.

15.     On September 2, 1998, Williams Co. filed a lawsuit against Bared.

16.     Bared thereafter filed suit against Mechanical Insulation to recover damages resulting from the deficient workmanship of Mechanical Insulation in the construction of Poinciana High School.

17.     After the above-referenced litigation commenced, Bared assigned to Williams Co., all of its rights and claims against Mechanical Insulation. Williams Co. then

assigned to OCSB all of its rights and claims against Mechanical Insulation acquired from Bared.

18.     On June 7, 2001, the law suit, against Mechanical Insulation was tried in the Ninth Judicial Circuit, in and for Osceola County, Florida, before the Honorable John H. Adams, Sr. and Final Summary Judgment was rendered in favor of OCSB and against Mechanical Insulation for the total sum of $1,025,833.10, inclusive of court costs and attorneys' fees incurred in that action.  A copy of judgment is attached as Exhibit "C".

19.     The claims brought against Mechanical Insulation, and the injuries for which the Court awarded damages fall within the terms of the policies issued by SCHMIDT as agent for TRAVELERS and LIBERTY MUTUAL to Mechanical Insulation.

20.     Defendants have failed and refused to satisfy the Judgment entered against their insured.

21.     All conditions precedent to the maintenance of this action have occurred, been performed, or have been waived.

22.     OCSB has retained undersigned counsel to prosecute this action and has agreed to pay a reasonable attorneys' fee for which SCHMIDT, TRAVELERS and LIBERTY MUTUAL are liable pursuant to the policies of insurance.

## COUNT I

23.     OCSB hereby realleges and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

24.     As more fully set forth above, OCSB has obtained a Judgment against Defendants' insured, Mechanical Insulation, for a cause of action and damages covered

by the terms of the policies of insurance issued by SCHMIDT, as agent for TRAVELERS and LIBERTY MUTUAL, to Mechanical Insulation.

25.     Defendants are obligated to satisfy the Judgment entered by the Court pursuant to the insurance policies and applicable law.

26.     Defendants have failed and refuse to satisfy the judgment against their insured.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants for $1,025,833.10 together with interest thereon, attorney's fees, and costs, and any other and further relief as this Court may deem just and proper.

## COUNT II

27.     OCSB hereby realleges and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

28.     As more fully set forth above, Defendants and Mechanical Insulation were parties to policies of insurance during all times relevant to this litigation.

29.     Defendants were provided notice of the claims brought by OCSB, Williams Co., and Bared against Defendants' insured, Mechanical Insulation.

30.     The claims brought by OCSB, Williams Co., and Bared, and the damages flowing therefrom, against Mechanical Insulation were within the policies of insurance issued by Defendant, SCHMIDT, as agent for TRAVELERS and LIBERTY MUTUAL, to Mechanical Insulation.

31.     Defendants, pursuant to the policies of insurance and applicable Florida law, owed a duty to Mechanical Insulation to defend it against claims covered by the policy.

6

32.    Defendants failed to defend Mechanical Insulation against the claims brought by OCSB, Williams Co., and Bared.

33.    Defendants' failure to so defend was not legally justifiable.

34.    Defendants have breached their contracts with Mechanical Insulation by failing to defend Mechanical Insulation against the claims brought by OCSB, Williams Co., and Bared.

35.    As a direct and proximate result of those breaches, Mechanical Insulation, and OCSB as third-party beneficiary, have sustained damages including, but not necessarily limited to $1,025,833.10 plus interest, awarded in the Final Summary Judgment entered against Mechanical Insulation.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Defendants for $1,025,833.10 together with interest thereon, attorney's fees, and costs, and any other and further relief as this Court may deem just and proper.

Dated on May 15, 2003.

USHER L. BROWN, ESQUIRE
Florida Bar No. 0321461
**BROWN, SALZMAN, WEISS & GARGANESE, P.A.**
Two Landmark Center
225 East Robinson Street, Suite 660
Orlando, Florida 32802
Ph: (407) 425-9566 – Fax: (407) 425-9596
Attorneys for OCSB

5-15-03

Certificate of Insurance

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON YOU THE CERTIFICATE HOLDER. THIS
CERTIFICATE IS NOT AN INSURANCE POLICY AND DOES NOT AMEND, EXTEND, OR ALTER THE COVERAGE AFFORDED BY THE POLICIES LISTED
BELOW.

This is to Certify that

MECHANICAL INSULATION, INC.
4645 MELTON AVE.
LOUISVILLE KY 40213

Name and
address of
Insured

**LIBERTY MUTUAL.**

is, at the issue date of this certificate, insured by the Company under the policy(ies) listed below. The insurance afforded by the
listed policy(ies) is subject to all their terms, exclusions and conditions and is not altered by any requirement, term or condition of
any contract or other document with respect to which this certificate may be issued.

| TYPE OF POLICY | CERTIFICATE EXP. DATE ☐ CONTINUOUS ☐ EXTENDED ☒ POLICY TERM | POLICY NUMBER | LIMIT OF LIABILITY | | |
|---|---|---|---|---|---|
| **WORKERS COMPENSATION** | 8/1/95 | WC2-15J-271674-014 | Coverage Afforded Under WC Law of the Following States: FL,IL,IN,KY,MD, | **EMPLOYERS LIABILITY** | |
| | | | | Bodily Injury By Accident $500,000 | Each Accident |
| | | | | Bodily Injury By Disease $500,000 | Policy Limit |
| | | | | Bodily Injury By Disease $500,000 | Each Person |
| **GENERAL LIABILITY** | | | General Aggregate-Other than Prod/Completed Operations $2,000,000 | | |
| ☐ CLAIMS MADE | 8/1/95 | YY2-151-271674-024 | Products/Completed Operations Aggregate $1,000,000 | | |
| RETRO DATE | | | Bodily Injury and Property Damage Liability $1,000,000 | Per Occurrence | |
| | | | Personal and Advertising Injury $1,000,000 | Per Person/ Organization | |
| ☒ OCCURRENCE | | | Other: | Other: | |
| **AUTOMOBILE LIABILITY** | | | $1,000,000 | Each Accident - Single Limit - B. I. and P. D. Combined | |
| ☒ OWNED | 8/1/95 | AS2-151-271674-044 | | Each Person | |
| ☒ NON-OWNED | | | | Each Accident or Occurrence | |
| ☒ HIRED | | | | Each Accident or Occurrence | |
| **OTHER UMBRELLA EXCESS LIABILITY** | 8/1/95 | TH1-151-271674-034 | $1,000,000 LIMIT | | |

RECEIVED

ADDITIONAL COMMENTS

AUG 22 1994

THE BARED & CO., INC.

*IF THE CERTIFICATE EXPIRATION DATE IS CONTINUOUS OR EXTENDED TERM, YOU WILL BE NOTIFIED IF COVERAGE IS TERMINATED OR REDUCED
BEFORE THE CERTIFICATE EXPIRATION DATE. HOWEVER, YOU WILL NOT BE NOTIFIED ANNUALLY OF THE CONTINUATION OF COVERAGE.

SPECIAL NOTICE - OHIO: ANY PERSON WHO, WITH INTENT TO DEFRAUD OR KNOWING THAT HE IS FACILITATING A FRAUD AGAINST AN INSURER,
SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT IS GUILTY OF INSURANCE FRAUD.

NOTICE OF CANCELLATION: (NOT APPLICABLE UNLESS A NUMBER OF DAYS IS
ENTERED BELOW.) BEFORE THE STATED EXPIRATION DATE THE COMPANY WILL NOT
CANCEL OR REDUCE THE INSURANCE AFFORDED UNDER THE ABOVE POLICIES UNTIL
UNTIL AT LEAST _____ DAYS NOTICE OF SUCH CANCELLATION HAS BEEN MAILED TO:

Liberty Mutual
Insurance Group

AUTHORIZED REPRESENTATIVE

| CERTIFICATE HOLDER | BARED & COMPANY, INC. 406 NORTH RED STREET, SUITE 136 TAMPA, FL 33609 | |
|---|---|---|
| | 8/15/94    LOUISVILLE KY | |
| | DATE ISSUED    OFFICE | |

EXHIBIT
"A"

This certificate is executed by LIBERTY MUTUAL INSURANCE ... ce as is afforded by Those Companies

BS 772R6

CUSTOMER # 13231          C E R T I F I C A T E   O F   I N S U R A N C E          ISSUE DATE: ...

| PRODUCER | |
|---|---|
| SCHMIDT INSURANCE AGENCY<br>7410 LAGRANGE ROAD<br>STE 200<br>LOUISVILLE, KENTUCKY<br>ZIP CODE 40222 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
| | COMPANIES AFFORDING COVERAGE |
| | COMPANY LETTER A AETNA INSURANCE |
| INSURED<br>MECHANICAL INSULATION<br>4645 MELTON AVENUE<br>LOUISVILLE, KENTUCKY<br><br>ZIP CODE 40213 | COMPANY LETTER B |
| | COMPANY LETTER C |
| | COMPANY LETTER D |
| | COMPANY LETTER E |

COVERAGES

THIS IS TO CERTIFY THAT POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED, NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS, AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| CO LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFF. DATE | POLICY EXP. DATE | LIMITS | |
|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY<br>(X) COMMERCIAL GENERAL LIABILITY<br>( ) CLAIMS MADE   (X) OCCUR.<br>( ) OWNER'S & CONTRACTOR'S PROT.<br>( )<br>( ) | 0023487963 | 02/22/94 | 02/22/95 | GENERAL AGGREGATE<br>PRODUCTS-COMP/OP AGG.<br>PERSONAL & ADV. INJURY<br>EACH OCCURRENCE<br>FIRE DAMAGE (ANY ONE FIRE)<br>MED. EXPENSE (ANY ONE PERS) | $ 2,000,00<br>$ 2,000,00<br>$ 1,000,00<br>$ 1,000,00<br>$ 50,00<br>$ 5,00 |
| A | AUTOMOBILE LIABILITY<br>( ) ANY AUTO<br>( ) ALL OWNED AUTOS<br>(X) SCHEDULED AUTOS<br>(X) HIRED AUTOS<br>(X) NON-OWNED AUTOS<br>( ) GARAGE LIABILITY<br>( ) | 0023487963 | 02/22/94 | 02/22/95 | COMBINED SINGLE LIMIT<br><br>BODILY INJURY (PER PERSON)<br><br>BODILY INJURY (PER ACC)<br><br>PROPERTY DAMAGE | $ 1,000,0<br><br>$<br><br>$<br><br>$ |
| A | EXCESS LIABILITY<br>(X) UMBRELLA FORM<br>( ) OTHER THAN UMBRELLA FORM | 0023487963 | 02/22/94 | 02/22/95 | EACH OCCURRENCE<br>AGGREGATE | $ 1,000,00<br>$ |
| | WORKER'S COMPENSATION<br>AND<br>EMPLOYER'S LIABILITY | | | | ( ) STATUTORY LIMITS<br>EACH ACCIDENT<br>DISEASE-POLICY LIMIT<br>DISEASE-EACH EMPLOYEE | $<br>$<br>$ |
| A | OTHER<br>CONTRACTOR EQUIPMENT | 0023487963 | 02/22/94 | 02/22/95 | PER SCHEDULE | |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/SPECIAL ITEMS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| BAKED & COMPANY, INC.<br>406 NORTH REO STREET<br>SUITE 136<br>TAMPA, FLORIDA<br>ZIP CODE 33609 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 14 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES. |

AUTHORIZED REPRESENTATIVE
CARL T. HEAD

EXHIBIT
"B"

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR OSCEOLA
COUNTY, FLORIDA

: CONSOLIDATED CASE NO. CI 96-1403

THE SCHOOL BOARD OF OSCEOLA
COUNTY, FLORIDA, a political body
corporate,

          Plaintiff,            ;

vs.

WILLIAMS COMPANY OF ORLANDO, INC.,
a Florida corporation; SEABOARD SURETY
COMPANY; SPILLIS, CANDELA & PARTNERS,
INC., a Florida corporation,

          Defendants.

_____/

## FINAL JUDGMENT

**THIS ACTION** was heard after entry of Default on Plaintiff's Motion for Partial Summary Final

Judgment against Third Party Defendant, MECHANICAL INSULATION, INC., on the evidence

presented.

**IT IS ADJUDGED,** that:

Plaintiff, THE SCHOOL BOARD OF OSCEOLA COUNTY, FLORIDA, a political body

corporate, shall recover from Third Party Defendant, MECHANICAL INSULATION, INC., for breach of

contract the following sums:

| | |
|---|---|
| Damages: | $644,482.00 |
| Consequential Damages: | $ 207,850.02 |
| Attorney's fees: | $ 19,123.27 |
| Pre-Judgment Interest of 11% from February 10, 1999 (date Default entered) to January 26, 2001 | $154,377.84 |
| TOTAL AMOUNT DUE | $1,025,833.10 |

EXHIBIT
"C"
tabbies

Plus post-judgment interest as allowed pursuant to §55.03, Florida Statutes, at a rate of 11%, for all of which let execution issue.

ORDERED at Kissimmee, Osceola County, Florida, on June _____, 2001.

JUN 7 2001

/s/ JOHN H. ADAMS, SR.

Honorable John H. Adams, Sr.
Circuit Court Judge

## CERTIFICATE OF SERVICE

I CERTIFY that a copy hereof has been furnished on June _____, 2001, to all parties listed below.

JUN 7 2001

/S/ KATHRYN PAYNE

Judicial Assistant

John H. Dyer, Jr., Esquire
Paula Pratt, Esquire
Winderweedle, Haines, et. al.
P.O. Box 1391
Orlando, FL 32802-1391
Attorneys for Trane

Kelly Gray, Esquire
Law Offices of Charles E. McKeon, P.A.
633 North Franklin Street, Suite 400
Tampa, FL 33602
Attorneys for Mechanical Controls

Joseph A. Glick, Esquire
Law Offices of Joseph Glick, P.A.
9703 South Dixie Highway, Suite 200
Miami, FL 33156
Attorneys for Security Aluminum

Manuel Kushner, Esquire
Berger Davis & Singerman
100 NE Third Avenue, Suite 400
Ft. Lauderdale, FL 33301
Attorneys for Window Components

Mechanical Insulation, Inc.
c/o Kenneth Hamilton
2905 Winchester Acres Road
Louisville, KY 40223

F:\DOCS\ocsb\Williams Co\Pleadings\Final And Summary Judgment\Final Judgment against Mechanical Insulation.pch

2



Tom Gallagher
*Chief Financial Officer*

## DEPARTMENT OF FINANCIAL SERVICES

THE SCHOOL BOARD OF OSCEOLA COUNTY FLORIDA,
A POLITICAL BODY CORPORATE

PLAINTIFF(S),
VS.

SCHMIDT INSURANCE AGENCY, INC., A KENTUCKY
CORPORATION, TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY, A CONNECTICUT CORP., FKA
AETNA INSURANCE COMPANY, AND LIBERTY MUTUAL
INSURANCE COMPANY, A MASSACHUSETTE CORP.

DEFENDANT(S).

_____/

SUMMONS IMPORTANT, COMPLAINT, EXHIBIT

CASE #:    CI03CI1078
COURT:     CIRCUIT COURT
COUNTY: OSCEOLA
DOI-SOP#: 03-28569

## __NOTICE OF SERVICE OF PROCESS__

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, received in my office by PROCESS SERVER
on the 20th day of May, 03, addressed to the Insurance Commissioner (as process agent or
agent for the insurer). A copy of said process was **SERVED by certified mail on the 22nd day
of May, 03.** from this office to:

TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY
CHRISTINE C BURR
TRAVELERS PROPERTY CASUALTY CORP
1000 LEGION PLACE
ORLANDO FL 32801

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

Tom Gallagher
Chief Financial Officer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:

USHER L. BROWN
225 EAST ROBINSON STREET,                                          AJ1
SUITE 660
ORLANDO FL 32802

· Division of Legal Services - Service of Process Section
200 East Gaines Street   - P.O. Box 6200  - Tallahassee, Florida 32314-6200  -  (850) 413-4200  -  Fax (850) 922-2544
Affirmative Action / Equal Opportunity Employer



Tom Gallagher
Chief Financial Officer                DEPARTMENT OF FINANCIAL SERVICES

---

THE SCHOOL BOARD OF OSCEOLA COUNTY FLORIDA,          CASE #:    CI03CI1078
A POLITICAL BODY CORPORATE                            COURT:     CIRCUIT COURT
                                                      COUNTY:    OSCEOLA
PLAINTIFF(S),                                         DOI-SOP#:  03-28560
VS.

SCHMIDT INSURANCE AGENCY, INC., A KENTUCKY
CORPORATION, TRAVELERS PROPERTY CASUALTY
INSURANCE COMPANY, A CONNECTICUT CORP., FKA
AETNA INSURANCE COMPANY, AND LIBERTY MUTUAL
INSURANCE COMPANY, A MASSACHUSETTE CORP.

DEFENDANT(S).
_____/

SUMMONS IMPORTANT, COMPLAINT, EXHIBIT



## **NOTICE OF SERVICE OF PROCESS**

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, received in my office by PROCESS SERVER
on the 20th day of May, 03, addressed to the Insurance Commissioner (as process agent or
agent for the insurer). A copy of said process was **SERVED by certified mail on the 22nd day
of May, 03.** from this office to:

    LIBERTY MUTUAL INSURANCE COMPANY
    ANNE BOUTILIER
    CT CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION FL 33324


as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney.

                              Tom Gallagher
                              Chief Financial Officer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:


USHER L. BROWN
225 EAST ROBINSON STREET,                                             AJ1
SUITE 660
ORLANDO FL 32802